IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Hollins McDaniel, # 166436,                ) | C/A No.: 1:11-1281-MBS-SVH |
|                                                                       ) | |
| Plaintiff,                 ) | |
|                                                                       ) | |
| vs.                                                              ) | |
|                                                                       ) | REPORT AND RECOMMENDATION |
| Warden Michael McCall; Officer Sgt.        ) | |
| Arrowood; IGC Miss M. Synder; Miss       ) | |
| Mary Coleman, Chief Inmate Grievance  ) | |
| Branch,                                                       ) | |
|                                                                       ) | |
| Defendants.           ) | |
|                                                                       ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution and brings this action against prison employees alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that on December 26, 2010, Defendant Arrowood took his legal documents while he was attempting to pass them to his neighbor "in hopes of getting some understanding on what was required of him to show[] the Court in order to obtain relief from his conviction and sentence." [Entry #1 at 4]. Plaintiff subsequently learned that Defendant Arrowwood had thrown his documents away. *Id.* Plaintiff discloses that he

attempted to informally resolve the matter and later filed two grievances, which were denied as untimely. *Id.* at 4–5. Plaintiff contends that his initial grievance was timely. In his prayer for relief, Plaintiff seeks termination of the employment of Defendants Arrowwood, Snyder, and Coleman, $150,000 in damages, and a court order allowing Plaintiff to appeal his conviction and sentence in federal court. *Id.* at 6.

II.     Discussion

   A.     Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations

are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Generally, confiscation of a prisoner's legal materials is actionable under 42 U.S.C. § 1983 if a plaintiff can show he was injured or prejudiced in a non-frivilous litigation matter. *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded). Here, Plaintiff claims he was prejudiced in a prior habeas corpus case. However, Plaintiff's habeas corpus case, C/A No. 1:09-1348-MBS-SVH ("Habeas Action"), was decided adversely to Plaintiff over three months prior to the alleged confiscation of his legal materials.

The court takes judicial notice that on September 24, 2010, the Honorable Margaret B. Seymour, United States District Judge, granted summary judgment to the respondent in his Habeas Action. [Entry #48 in Habeas Action]. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Long v. Ozmint*, 558

F. Supp. 2d 624, 629 (D.S.C. 2008). Plaintiff's deadline for filing a timely appeal in his Habeas Action had passed on the date Defendant Arrowwood allegedly confiscated Plaintiff's legal documents. *See* Rules 3 and 4 of the Federal Rules of Appellate Procedure.

Additionally, the alleged failure of Defendants Snyder and Coleman to process and correctly calculate the timeliness of the grievances, even if intentional, is not actionable because prisons are not constitutionally required to have a grievance system. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, it is recommended that this matter be summarily dismissed.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the above-captioned case without prejudice and without service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

September 7, 2011                                Shiva V. Hodges
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**