IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Jerome Hollins McDaniel, # 166436, Plaintiff,

vs.

Warden Michael McCall; Officer Sgt. Arrowood; IGC Miss M. Snyder; Miss Mary Coleman, Chief Inmate Grievance Branch, Defendants.

C/A No. 1:11-1281-MBS

**O R D E R**

Plaintiff Jerome Hollins McDaniel is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Perry Correctional Institution in Pelzer, South Carolina. Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 on May 27, 2011, alleging that Defendant Arrowood confiscated and destroyed his legal documents and that his grievance regarding Defendant Arrowood's actions was inadequate. Plaintiff seeks damages and injunctive relief.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On September 7, 2011, the Magistrate Judge issued a Report and Recommendation in which she noted that confiscation of an inmate's legal materials is actionable under § 1983 if the inmate can show that he was injured or prejudiced in a nonfrivolous litigation matter. The Magistrate Judge further noted that although Plaintiff claimed to have been prejudiced with respect to a petition for habeas corpus under 28 U.S.C. § 2254, the § 2254 petition was decided adversely to Plaintiff more than three months prior

to the alleged confiscation of legal materials. See McDaniel v. State, C/A No. 1:09-1348-MBS. The Magistrate Judge also noted that Plaintiff's deadline for filing an appeal also had passed on the date Defendant Arrowood purportedly confiscated Plaintiff's legal materials. Accordingly, the Magistrate Judge recommended that the complaint be dismissed without prejudice and without service of process. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs with the Magistrate Judge's recommendations and incorporates the Report and Recommendation herein. Plaintiff's complaint is **dismissed**, without prejudice and without service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 17, 2011

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**